IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| VIET ANH MAI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 05-1591-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| TINH MUSIC ENTERTAINMENT, INC., | ) | |
| a California Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Lan D. Nguyen
Lan D. Nguyen & Associates PC
6633 NE Sandy Boulevard, Suite B
Portland, Oregon 97213

    Attorney for Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Viet Anh Mai brought an action for copyright infringement and Lanham Act violations arising out of defendant's alleged reproduction (on audio and videotape) of plaintiff's song. This Court entered a default judgment against defendant Tinh Music Entertainment, Inc. in the amount of $5,000 and entered a permanent injunction as specified in the judgment, all pursuant to 17 U.S.C. § 504(c)(1).

Before me is plaintiff's Motion for Supplemental Judgment Against Defendant and Order (#11), in which plaintiff seeks attorney fees and costs.

## DISCUSSION

Plaintiff may be entitled to attorney fees and costs pursuant to 17 U.S.C. § 505.[1] Plaintiff seeks attorney fees in the amount of $7,375 and costs in the amount of $320.

In addressing a petition for attorney fees under federal law, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997).

Plaintiff's counsel has not offered any evidentiary support to substantiate the number of hours he says he expended on the case, and as a result I cannot determine whether the request is reasonable. Therefore, I deny plaintiff's request for attorney fees.

However, this Court grants plaintiff's request for costs in the amount of $320.

---

[1] "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Finally, as I pointed out once before in the Opinion and Order of August 28, 2006, plaintiff's request for interest at the rate of seven percent (7%) is contrary to 28 U.S.C. § 1961. Accordingly, interest will accrue at the rate of 4.97% per annum from the date of entry of the supplemental judgment.

IT IS SO ORDERED.

Dated this    6th    day of October, 2006.

        /s/ Garr M. King
        Garr M. King
        United States District Judge